*J. C. Denny*, for appellant.

---

Funk v. Hetfield and Another.

County Board.—Appropriations for Soldier's Families.—An order of the board of commissioners of a county, appropriating a certain sum to the support of the families of soldiers, is a contract with those who enlist on the faith of the order, and cannot be rescinded by the board.

APPEAL from the *Kosciusko* Circuit Court.

Gregory, J.—This was a proceeding in the court below by the appellees against the appellant, as auditor of *Kosciusko* county, to compel the payment of an appropriation made by the board of commissioners of that county for the support of soldier's families. *Hetfield* volunteered after the order was made, and partly in consideration thereof. The main question argued by counsel, and presented by the

record, is this: Did the order of the county commissioners, under the facts averred, amount to a contract? This question was very fully considered by us in *The Board of Commissioners of Adams Co.* v. *Mertz, ante* p. 103, and for the reasons given in that case, we think the Circuit Court in the case at bar did right.

The Board of Commissioners of *Kosciusko* county attempted to rescind their order in *March*, 1865. It is but just to them to say, that this order of rescission was not made until after the passage of the act of *March* 4, 1865, for the relief of the families of soldiers, seamen and marines. Acts. 1865, p. 93. But the legislature had no power to invalidate the contract, and therefore the act referred to is no legal justification for the action of the commissioners.

The judgment is affirmed, with costs.

FRAZER, J., *dissenting.*—I did not assent to the principle held by the majority of the court in *The Board of Commissioners of Adams Co.* v. *Mertz, supra*, that the power conferred on county boards to make appropriations for the maintenance of families of soldiers, implied the power to make contracts to that effect, thus, surrendering the discretion upon the subject conferred by the act of *May* 11, 1861. I do not now propose to repeat the reasons then given for my dissent, nor do I doubt that the conclusion of the majority in the present case is a necessary result of the ruling in that case; that it evinces already one of the fruits of that ruling. In full view of the fact that counties all over the State had made appropriations for this purpose, some, as in this case, extending it to all such families resident in the county, others confining it to the families of those who entered the army to the credit of the county, as in the former case, the legislature deeming the burden one which should be borne by the whole State, provided for it by the act of 1865, making thereby a more liberal allowance than the local authorities, generally, had felt able to make. That this was intended to take the place

of local appropriations is not doubted, and that that act would not have been passed in the form it was, if there had been any apprehension that such county appropriations had the effect of contracts, is very clear. The last act is, therefore, a legislative construction of the first, and some evidence of what was meant by the first. But the family, on the passage of the last act, becomes, under the ruling of this court in the *Mertz* case, entitled to both provisions, in the present case $19 per month. No right minded man will grudge it to this particular class of persons, it is true. But the rule of statutory construction upon which it is based must, if adhered to, be applied as well to others as to soldiers, and like all bad precedents it will defeat the legislative will in other cases to be deplored, and result in mischief not to be foreseen. For this reason, I again resist it, as before.

*G. W. Fraiser*, for appellant.

*E. Haymond*, for appellees.